UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x
UNITED STATES OF AMERICA

       -v.-                                           ORDER

MAURICIO STEWART,                          20-CR-83 (CS)

               Defendant.
--------------------------------------------------------x

Seibel, J.

      Before the Court is Defendant Mauricio Stewart's motion for reduction of sentence under 18 U.S.C. § 3582(c)(1)(A), known as "compassionate release," (ECF No. 59), and the Government's opposition thereto, (ECF No. 61).[1] Defendant was convicted of being a felon in possession of a firearm and sentenced principally to 90 months' imprisonment, (ECF No. 52), which was below his Sentencing Guidelines range of 92-115 months. He has served almost 59 months.

      Under 18 U.S.C. § 3582(c)(1)(A), I may, after considering the 18 U.S.C. § 3553(a) factors, reduce a sentence if extraordinary and compelling reasons justify such action and it is consistent with the relevant policy statements of the Sentencing Commission. Policy Statement 1B1.13 likewise permits a sentence reduction for extraordinary and compelling reasons, and additionally requires that the Defendant not be a danger to the safety of any other person or the community. *See* U.S.S.G. § 1B1.13(a), p.s. The Policy Statement, as amended, *see United*

---

[1] No later than December 16, 2024, the Government shall provide a hard copy or thumb drive containing Defendant's medical records, attached as Exhibit B to its submission, so that they can be made part of the record under seal.

*States v. Feliz*, No. 16-CR-809, 2023 WL 8275897, at *4 (S.D.N.Y. Nov. 30, 2023),[2] identifies as extraordinary and compelling certain circumstances relating to medical condition, age, family, prison abuse, and unusually long sentences, as well as any other circumstances of similar gravity, *see* U.S.S.G. § 1B1.13(b)(1)-(6).  "The defendant bears the burden of showing that the circumstances warrant a sentence reduction." *United States v. Jacques*, No. 20-3276, 2022 WL 894695, at *1 (2d Cir. Mar. 28, 2022) (summary order).

Defendant bases his claim for extraordinary and compelling circumstances on his conditions of confinement (COVID restrictions, mold, overcrowding and the presence of fentanyl at FCI Danbury), his rehabilitation, and his medical and mental health issues.

Defendant relies on harsh conditions in prison.  While I do not doubt that conditions in prison are hard and unpleasant, and while I do not mean to minimize the difficulty that the COVID-19 pandemic caused for inmates (or those on the outside, for that matter), any such conditions are not unique to Defendant.  Such universal conditions do not give rise to extraordinary and compelling circumstances. *See United States v. Hertular*, No. 04-CR- 9, 2024 WL 196015, at *3 (S.D.N.Y. Jan. 18, 2024); *United States v. Farmer*, No. 19-CR-427, 2022 WL

---

[2]The November 1, 2023 amendments to Policy Statement 1B1.13 have harmonized the Policy Statement with the First Step Act, such that *United States v. Brooker*, 976 F.3d 228 (2d Cir. 2020), does not apply to the new version of Policy Statement 1B1.13, and "[a]ccordingly, to grant a motion for compassionate release, a court must now, in addition to finding that the other elements of the compassionate release standard are satisfied, also find that granting such relief is consistent with Policy Statement 1B1.13." *Feliz*, 2023 WL 8275897, at *4; *see United States v. Corbett*, No. 10-CR-184, 2023 WL 8073638, at *3 (S.D.N.Y. Nov. 21, 2023) ("The amended guidance from the Commission as to what constitutes extraordinary and compelling reasons now controls the analysis of a compassionate release petition, however initiated.").  But the outcome here would be the same even under *Brooker* and the old version of 1B1.13. Unless otherwise indicated, all case quotations omit internal citations, quotation marks, footnotes and alterations. The Court will send Defendant a copy of all unreported cases cited in this Order.

47517, at *4 (S.D.N.Y. Jan. 5, 2022); *United States v. Ramirez*, 571 F. Supp. 3d 40, 47 (S.D.N.Y. 2021); *United States v. Pinto-Thomaz*, 454 F. Supp. 3d 327, 331 (S.D.N.Y. 2020).

Defendant also argues that extraordinary and compelling circumstances exist here based on his health. He states that his PTSD has worsened since his incarceration and he has never been seen by mental health staff at Danbury – a claim belied by his Bureau of Prisons ("BOP") medical records, (Exhibit B at 83, 84, 85)[3] – and that his medical conditions would be better managed on the outside and could expose him to serious case should he be re-infected with COVID-19. The BOP medical records show that Defendant's conditions are being addressed, including by outside providers when necessary, and they simply do not rise to the level required under U.S.S.G. 1B1.13(b)(1)(B), which limits consideration of medical conditions to those that are terminal, impede self-care, risk serious deterioration or death from lack of treatment, or risk unmitigable severe complications or death from an outbreak of infectious disease or other public health emergency.

Finally, Defendant relies on his rehabilitation, noting his completion of programming, his contact with his family and his having received only two disciplinary infractions in four years. The Policy Statement provides that rehabilitation alone is not an extraordinary and compelling circumstance, but my be considered in combination with other circumstances in determining whether and to what extent a sentence reduction is warranted. *See id.* § 1B1.13(d); *see also* 28 U.S.C.A. § 994(t) ("Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason."). "While [Defendant's] efforts at rehabilitating himself

---

[3]The records reflect that when seen by a psychologist on January 17, 2024, June 26, 2024, and October 16, 2024, Defendant reported each time that he was doing well. (ECF No. 61 Ex. B at 85, 84, 83.)

are commendable and should continue, they do not alone or in combination with his other arguments constitute an extraordinary and compelling reason for compassionate release." *White v. United States*, No. 13-CR-255, 2022 WL 4244219, at *5 (W.D.N.Y. Sept. 15, 2022), *aff'd.*, No. 22-2337-CR, 2023 WL 8446806 (2d Cir. Dec. 6, 2023); *see United States v. Mayard*, No. 16-CR-609, 2024 WL 3518568, at *4 (S.D.N.Y. July 24, 2024) ("[A]lthough Defendant is to be commended for his attempts at rehabilitation, such efforts do not constitute extraordinary and compelling circumstances."); *United States v. Steele*, No. 19-CR-65, 2021 WL 2138829, at *7 (D. Conn. May 26, 2021) ("admirable" efforts at rehabilitation not extraordinary and compelling alone or in combination with harsh pandemic prison conditions). Good conduct in prison is not uncommon, and indeed is expected. *See United States v. Alvarez*, No. 89-CR-229, 2020 WL 4904586, at *7 (E.D.N.Y. Aug. 20, 2020). Moreover, I share the Government's skepticism that Defendant is truly ready to live a law-abiding life. Defendant was sanctioned for fighting in May 2023, for having a contraband phone in June 2024, and for having a contraband SD card in October 2024. (ECF No. 61 Ex. A.) That Defendant was apparently still trying to game the system at the time the instant motion was about to be filed[4] does not bode well.

For the foregoing reasons, the factors to which Defendant points do not, singly or in combination, amount to extraordinary and compelling circumstances. Even if they did, the § 3553(a) factors weigh against early release, essentially for the reasons set forth by the Government. The conduct underlying the instant conviction involved fentanyl and a gun – each

---

[4] The SD card was apparently found on October 8, 2024, and Defendant was found guilty at a hearing on October 24, 2024. (ECF No. 61 Ex. A.) The instant motion, which is dated October 8, 2024 and is postmarked October 18, 2024, (ECF No. 59 at 12, 14), makes no mention of this incident.

extraordinarily dangerous – and this conviction was Defendant's fifteenth.  I took COVID, Defendant's medical conditions and his history of trauma into account at the time of sentencing, and nothing has changed to an extent that a reduction is warranted, in light of the seriousness of the offense, the need to promote respect for the law and the need to protect the public from further crimes.  Given Defendant's lengthy record of recidivism, including while on supervision, a reduction would, "if anything . . . promote disrespect for the law." *United States v. Rodriguez-Francisco*, No. 13-CR-233, 2021 WL 326974, at *3 (S.D.N.Y. Feb. 1, 2021).

    For the reasons stated above, the motion is denied.  The Clerk of Court is respectfully directed to terminate ECF No. 59 and to send a copy of this Order to Mauricio Stewart, No. 87670-054, FCI Danbury, Federal Correctional Institution, Route 37, Danbury, CT  06811.

Dated: December 9, 2024
       White Plains, New York

_____
CATHY SEIBEL, U.S.D.J.